UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-3797 |
| | § | |
| **ROBERSON MANAGEMENT, INC.,** *et al.*, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this communications anti-piracy case is Plaintiff's motion for summary judgment as to Defendant Roberson Management, Inc. ("Roberson"). After reviewing the parties' filings and the applicable law, the Court finds that the motion, Docket No. 18, should be and hereby is **DENIED**.

Plaintiff, which is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefight events, possessed the exclusive rights to (1) exhibit and (2) sublicense the right to exhibit the February 22, 2003 boxing match between Mike Tyson and Clifford Etienne. Plaintiff alleges that Defendants illegally broadcast the match at a restaurant and bar called Cabo, The Original Mix-Mex Grill ("Cabo"), without obtaining a license or paying the access fee. Defendants deny having broadcast the match.

Plaintiff now moves for summary judgment against Roberson. In response, Roberson denies that it is the general partner of the partnership that owns Cabo or that it was in control over Cabo's televisions or employees on the day in question. Plaintiff

1

contends that Roberson is responsible for all activity on the premises or undertaken by Cabo employees, because Roberson is the holder of Cabo's liquor license.

According to the Texas Alcoholic Beverage Code,

> [e]very permittee shall have and maintain exclusive occupancy and control of the entire licensed premises in every phase of the storage, distribution, possession, and transportation and sale of all alcoholic beverages purchased, stored or sold on the licensed premises. Any device, scheme or plan which surrenders control of the employees, premises or business of the permittee to persons other than the permittee shall be unlawful.

TEX. ALCO. BEV. CODE. ANN. § 109.53 (Vernon 2001).

The Texas Court of Appeals has held that "the sole means for exempting any portion of a premises from the 'licensed premises'" is provided by § 11.49(b)(1) of the Code. *Crosby v. Texas*, 696 S.W.2d 388, 390 (Tex. App. – Dallas 1985, pet. granted), *rev'd and remanded on other grounds*, 750 S.W.2d 768 (Tex. Crim. App. 1987) (*en banc*). Section 11.49(b)(1), in turn, provides that, *"[s]ubject to the approval of the commission or the administrator* . . ., an applicant for a permit or license may designate a portion of the grounds, buildings, vehicles, and appurtenances to be excluded from the licensed premises." TEX. ALCO. BEV. CODE. ANN. § 11.49(b)(1) (Vernon 1979) (emphasis added).

> *If such a designation has been made and approved* as to the holder of a license or permit authorizing the sale of alcoholic beverages at retail or as to a private club registration permit, the sharing of space, employees, business facilities, and services with another business entity . . ., does not constitute a subterfuge or surrender of exclusive control in violation of Section 109.53 of this code . . . .

*Id.* § 11.49(b)(2) (emphasis added).

There is no evidence that Roberson designated any area of the Cabo as separate or received permission to do so from the licensing authority. Accordingly, the Court finds

that Roberson was responsible for all portions of the Cabo, including the televisions, and for the actions of all of the Cabo's employees.

The Court also finds, however, that a genuine issue of material fact precludes a grant of summary judgment. Roberson denies having exhibited the Tyson-Etienne match at the Cabo. (*See* Ans. at 2 ¶¶ 11-14.) Plaintiff has offered summary judgment evidence that Roberson did exhibit the match (*see* Pl.'s Mot. for Summ. J., Ex. A-2 (Clark Aff.), at 1-2 (describing the Cabo and the employee on duty on the evening in question)), but Roberson has produced contradictory evidence (*see* Def.'s Resp. to Pl.'s Mot. for Summ. J., Ex. D (Michael Roberson Aff.), at 1-2 (stating that Clark's description of the Cabo and its bartender is inaccurate)). Accordingly, because credibility determinations are inappropriate at the summary judgment stage, *see Union Pacific Res. Group, Inc., v. Rhône-Poulenc, Inc.*, 247 F.3d 574, 584 (5th Cir. 2001), Plaintiff's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 10th day of August, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**